IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AEYISHA LEWIS, on behalf of himself and all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>GALLATIN CHICKEN LLC,<br><br>Defendant. | Case No. _____<br><br>COLLECTIVE ACTION<br><br>JURY DEMAND |

## COLLECTIVE ACTION COMPLAINT

For her Collective Action Complaint ("Complaint") under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–19, against Defendant Gallatin Chicken LLC ("Defendant" or "Gallatin Chicken") and her individual Complaint under the FLSA and Tennessee common law, Plaintiff Aeyisha Lewis ("Crowell") states as follows:

### INTRODUCTION

1. Lewis files this collective action, on behalf of herself and all similarly situated employees, to remedy violations of the FLSA by Gallatin Chicken.

2. This collective action seeks to recover unpaid minimum wages for Lewis, as well as for all similarly situated current and former employees who worked for Gallatin Chicken within 3 years of the filing of this Complaint.

3. Gallatin Chicken failed to pay the final week or weeks of wages to its separated employees, which violates the minimum-wage provision of the FLSA, *id.* § 206.

4. Gallatin Chicken retaliated against Lewis by insisting that she engage in FLSA–violating wage practices or lose her job and when it contacted Lewis's subsequent employer to interfere with Lewis's post–Gallatin Chicken employment.

5. Gallatin Chicken also violated Tennessee common law when it intentionally interfered with Lewis's post–Gallatin Chicken employment by lying about Lewis to her subsequent employer.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction. Lewis's claims either arise under the laws of the United States, namely the FLSA, 28 U.S.C. § 1331, or are "so related to [the federal] claims . . . that they form part of the same case or controversy under Article III of the United States Constitution," *id.* § 1367(a).

7. This Court has personal jurisdiction over Gallatin Chicken; Defendant does business in Nashville, Tennessee.

8. Venue is proper in this Court. A substantial part of the events giving rise to this action occurred within this District, and Defendant does business in this District, *id.* § 1391(b).

## PARTIES

9. Lewis is an individual; she resides in Tuscaloosa, Alabama.

10. Gallatin Chicken is a for-profit company, organized under the laws of Tennessee and registered to do business in Tennessee.

11. Gallatin Chicken operates a Popeyes fried chicken franchise in Nashville, located at 3022 Gallatin Pike.

12. Defendant's registered agent for service of process is Mohsin Daud, 1830 Spring Branch Drive, Madison, Tennessee 37115.

13. At all relevant times, Lewis was an employee of Defendant under the FLSA. *Id.* § 203(e)(1).

14. At all relevant times, Defendant was Lewis's employer under the FLSA. *Id.*

§ 203(d).

15. Defendant's annual gross volume of business exceeds $500,000. *Id.* § 203(s)(A)(ii).

## COLLECTIVE ACTION ALLEGATIONS

16. Lewis brings this collective action under 29 U.S.C. § 216(b) on behalf of herself and all similarly situated current and former employees of Defendant.

17. There are dozens of current and former employees who are similarly situated to Lewis and who Defendant denied minimum wages.

18. Defendant unlawfully denied Lewis and similarly situated separated employees their last week or weeks of wages.

19. Crowell seeks to proceed collectively under § 216(b) on behalf of herself and the following collective of persons: **All current and former employees who worked for Defendant and ended their employment between July 23, 2018, and the present** ("Putative Collective").

20. Defendant was aware or should have been aware that federal law requires it to pay Lewis and the Putative Collective members at least the applicable minimum wage for all hours worked.

21. Defendant applied the same unlawful policies and practices to all their employees.

22. The Putative Collective is readily identifiable and locatable within Defendant's business records.

23. The Putative Collective should be notified of and allowed to join this collective action under § 216(b).

24. Unless the Court promptly issues notice to the Putative Collective, its members will not be able to secure the compensation to which they are entitled.

# FACTS

25. Plaintiff Lewis worked for Defendant as the General Manager at the Gallatin Pike Popeyes from approximately December 2018 until January 2019.

26. Lewis worked approximately 60 hours each week for Defendants.

27. In her role as General Manager, Gallatin Chicken required Lewis to pay overtime hours to non-exempt employees at their straight time pay rates and not to pay separated employees' final week or weeks of wages; both policies violate the FLSA.

28. During her employment, Lewis complained to Gallatin Chicken management that Defendant's pay practices were unlawful. Lewis's complaints are protected activity under the FLSA.

29. Rather than correct its unlawful pay practices, Gallatin Chicken required Lewis either to violate the law or to lose her job.

30. By forcing Lewis to choose between acting within the law or losing her job, Defendant retaliated against her for FLSA–protected activities.

31. Gallatin Chicken failed to pay Lewis for her last 2 weeks of work.

32. After Lewis left her job at Gallatin Chicken, Defendant contacted her subsequent employer, JRN Inc., to interfere with Lewis's post–Gallatin Chicken employment opportunities.

33. Specifically, Gallatin Chicken lied to JRN Inc. by claiming that Lewis was "unreliable" and not to hire her.

34. Gallatin Chicken really wanted to retaliate against Lewis for her complaints about Defendant's pay practices.

## COUNT I
## Failure to Pay Minimum Wages
## 29 U.S.C. § 206

35. Lewis incorporates by reference all prior allegations in this Complaint.

36. Lewis and the Putative Collective members are entitled to be paid at least the applicable minimum wage for all hours worked in a workweek.

37. Defendant employed Lewis and the Putative Collective members and failed to compensate them for all time worked.

38. Defendant's violations of the FLSA were willful because it knew or should have known that their pay practices violate the FLSA.

39. Defendant's willful FLSA violations extend the statute of limitations from two years to three years.

40. Defendant has failed to make a good-faith effort to comply with the FLSA regarding payment of minimum wages to Lewis and the Putative Collective members.

41. As a result of Defendant's violations of the FLSA, Lewis and the Putative Collective members suffered and continue to suffer damages, namely failing to receive all the minimum wages earned during their employment.

42. Specifically, Defendant failed to pay Lewis $870 in minimum wages for her last two weeks of work.

43. In addition to unpaid wages, Defendant owes Lewis and the Putative Collective members liquidated damages in an amount equal to their unpaid minimum wages.

44. Lewis and the Putative Collective members are entitled to recovery of their attorneys' fees and costs.

## COUNT II
## Retaliation
## 29 U.S.C. § 215(a)(3)

45. Lewis incorporates by reference all prior allegations in this Complaint.

46. Lewis engaged in FLSA–protected activities by, among other things, complaining to Gallatin Chicken that its practices of not paying overtime compensation and withholding the last week or weeks of wages from separated employees violated the FLSA.

47. Defendant at all relevant times knew about Lewis's FLSA–protected activities.

48. Gallatin Chicken took adverse actions against Lewis after learning that she had engaged in FLSA–protected activities by, among other things, requiring Lewis to violate the law to keep her job with Defendant and interfering with Lewis's post–Gallatin Chicken employment opportunities at JRN Inc.

49. There is a causal connection between Lewis's FLSA–protected activities and the adverse employment actions that Defendant took against her.

50. Gallatin Chicken's retaliation caused Lewis damages, including compensatory damages, back pay, front pay, interest, costs, and attorneys' fees.

## COUNT III
## Intentional Interference with Business Relationship
## Tennessee Common Law

51. Lewis incorporates by reference all prior allegations in this Complaint.

52. At all relevant times, Lewis had an existing or prospective business relationship with JRN Inc.

53. At all relevant times, Gallatin Chicken know about Lewis's existing or prospective business relationship with JRN Inc.

54. Gallatin Chicken acted with intent to cause the breach or termination of Lewis's

business relationship with JRN Inc.

55. Gallatin Chicken had an improper motive and/or used an improper means to intentionally interfere with Lewis's business relationship with JRN Inc.

56. Gallatin Chicken's intentional interference with Lewis's business relationship with JRN Inc. caused Lewis damages, including but not limited to compensatory damages, punitive damages, interest, costs, and attorneys' fees.

**COUNT IV**
**Breach of Contract**
**Tennessee Common Law**

57. Lewis incorporates by reference all prior allegations in this Complaint.

58. Lewis and Gallatin Chicken mutually agreed that Gallatin Chicken would pay Lewis a salary of $46,000 per year.

59. Alternatively, Lewis and Gallatin Chicken mutually agreed that Gallatin Chicken would pay Lewis at least the minimum wage for all hours worked.

60. Adequate consideration supported each agreement.

61. Gallatin Chicken breached its agreements with Lewis when it failed to pay her for her last two weeks of work.

62. Gallatin Chicken's breaches of its agreements with Lewis caused her damages.

63. Specifically, Gallatin Chicken failed to pay Lewis $884.62 in salary for her last two weeks of work.

64. Alternatively, Gallatin Chicken failed to pay Lewis $870 in minimum wages for 120 hours worked during her final two weeks.

**PRAYER FOR RELIEF**

Based on the foregoing, Lewis prays for the following relief from this Court:

A. Issuing process against Defendant and requiring it to answer within the period provided by law;

B. Requiring Defendant to provide Lewis and her counsel the names, addresses, phone numbers, and email addresses for the Putative Collective members;

C. Permitting Lewis and her counsel to issue notice of this collective action to the Putative Collective members;

D. Giving the Putative Collective members the opportunity to join this collective action by filing written consents;

E. Awarding damages to Lewis in the amount of her unpaid minimum wages, plus an equal amount of liquidated damages;

F. Awarding damages to all Putative Collective members who join this collective action in the amount of their unpaid minimum wages, plus an equal amount of liquidated damages;

G. Awarding Lewis any damages she is due on her additional claims;

H. Requiring Defendant to pay all attorneys' fees Lewis and the Putative Collective members incur to bring and to maintain this collective action;

I. Requiring Defendant to pay the costs and expenses of this action;

J. Requiring Defendant to pay any applicable pre-judgment and post-judgment interest; and

K. Granting Lewis and the Putative Collective members such other, further, and general relief to which they may be entitled.

## JURY DEMAND

Lewis demands a jury trial.

Dated: July 23, 2021                                        Respectfully submitted,

                                                 /s/ *Charles P. Yezbak, III*
                                                 Charles P. Yezbak, III (#018965)
                                                 /s/ *N. Chase Teeples*
                                                 N. Chase Teeples (#032400)
                                               YEZBAK LAW OFFICES PLLC
                                               2002 Richard Jones Road, Suite B-200
                                               Nashville, TN 37215
                                               Tel.: (615) 250-2000
                                               Fax: (615) 250-2020
                                               yezbak@yezbaklaw.com
                                               teeples@yezbaklaw.com