**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| AEYISHA LEWIS, on behalf of herself and all similarly situated employees, | ) | |
| Plaintiff, | ) | No. 3:21-cv-00559 |
| v. | ) | Judge Eli J. Richardson<br>Magistrate Judge Jeffery S. Frensley |
| GALLATIN CHICKEN LLC, | ) | |
| Defendant. | ) | |

---

**DENIAL OF REQUEST FOR ENTRY OF DEFAULT**

---

Pending is Plaintiff's Motion for Entry of Default against Defendant Gallatin Chicken LLC (Doc. No. 13). For the following reasons, Plaintiff's Motion is **DENIED** without prejudice.

## I. Procedural History

Plaintiff filed the Complaint against the Defendant on July 23, 2021. (Doc. No. 1). Summons was issued the same day as to "Gallatin Chicken LLC, c/o Registered Agent Mohsin Daud, 1830 Spring Branch Drive, Madison, TN 37115". (Doc. No. 5). On September 7, 2021, Plaintiff filed a Motion to Continue the Initial Case Management Conference. (Doc. No. 8). In support of the Motion, Plaintiff submitted the Declaration of Valerie Jephson, who described multiple unsuccessful attempts to locate and serve, either personally or by registered mail, the Defendant's registered agent for service of process. (Doc. No. 9). Additionally, Plaintiff submitted a copy of its communication to the Tennessee Secretary of State requesting service upon Gallatin Chicken at its business address of "68 Culver Rd., Ste. 150, Monmouth Junction, NJ 08852-2821." (Doc. No. 8-1).

The Secretary of State subsequently sent copies of the Summons and Complaint to Defendant at the New Jersey address on August 12, 2021, via Certified Mail. (Doc. No. 8-2). The Certified Receipt number is identified as "9489009000276336736589." *Id.* On December 16, 2021, the Tennessee Secretary of State sent notice to the Clerk of Court that the Certified Mail bearing number 9489009000276336736589 was being returned with no answer. (Doc. No. 17).

On September 8, 2021, the Court granted Plaintiff's Motion and authorized a second attempt at service via the Tennessee Secretary of State. (Doc. No. 11). With the Court's authorization, Plaintiff again attempted to secure service upon Defendant via the Tennessee Secretary of State.

On November 2, 2021, the Clerk received a return from the Secretary of State documenting a second attempt at service of process by Certified Mail. (Doc. No. 12). The enclosed Affidavit of Endorsement indicates that the Secretary of State sent a copy of the summons and complaint to Defendant at the New Jersey address via Certified Mail, number "9489009000276336738347." (*Id.* at PageID #42). This time, however, the Secretary of State received a return from the U.S. Postal Service (USPS) indicating that the parcel was delivered on October 4, 2021. (*Id.* at PageID #43). The USPS receipt does not include the signature of the recipient. Instead, the space where the recipient signature goes includes only illegible initials and the word "COVID19." *Id.*

On November 15, Plaintiff filed the pending Motion for Entry of Default stating that "service was completed on October 4, 2021." (Doc. No. 13).

On December 2, 2021, the Clerk received a third notice from the Secretary of State indicating that Certified Mail to Defendant enclosing process sent to its Madison, Tennessee

address was returned "Unclaimed." (Doc. No. 16).[1] The Certified Receipt number for this parcel was "9489009000276180734960." *Id.*

**II. Legal Standard and Analysis**

Pursuant to Local Rule 55.01, motions for entry of default against business entities pursuant to Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying: (i) proof of service and (ii) the opposing party's failure to plead or otherwise defend. L.R. 55.01. As a preliminary matter, Plaintiff's Motion fails to include the requisite supporting declaration, which is grounds for denial.[2] Yet, even if Plaintiff had filed a supporting declaration, Plaintiff has not yet established proof of service upon Defendant under Tennessee or New Jersey law. As a result, entry of default against the Defendant is inappropriate at this time.

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties, by default or otherwise. Proper service under Rule 4 is therefore a necessary prerequisite to entry of a default or a default judgment." *Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *3 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019) (internal citations omitted). "The burden is on the plaintiff to exercise due diligence to perfect service of process after the filing of the complaint and the burden is also on him to establish that

[1] Notably, service of a domestic defendant via the Tennessee Secretary of State is not an acceptable means of service under Tennessee law. Tennessee Rule of Civil Procedure 4B, which authorizes service of process via the Secretary of State's office is reserved for service of out-of-state defendants. "Rule 4B applies to 'Service upon the Secretary of State as Agent for Service of Process' and is available only for service upon defendants outside the territorial limits of the state." *Lewis v. Bowen*, No. M2003-00985-COA-R3CV, 2004 WL 2752811, at *4 (Tenn. Ct. App. Dec. 1, 2004) (emphasis added).

[2] Although Plaintiff's Motion includes the language required by Local Rule 55.01, the statements were not made under penalty of perjury under 28 U.S.C. §1746.

proper service has been made." *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980) (internal citations omitted). *See also Jones v. Volkswagen of America, Inc.*, 82 F.R.D. 334, 335 (E.D. Tenn. 1978). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). "Failure to prove service does not affect the validity of service." Fed. R. Civ. P. 4(l)(3).

In support Plaintiff's Motion for Entry of Default Plaintiff relies upon the Certified Mail return from the Secretary of State. (Doc. No. 12). As noted above, the receipt was not signed. Instead, in section of the receipt where the recipient signature is to be entered, the following was written: "COVID 19." This type of notation is consistent with the USPS's COVID-era modification of its signature requirements for Certified Mail receipts. The USPS website states,

> To reduce health risks, we are temporarily modifying customer signature capture procedures. While maintaining a safe, appropriate distance, employees will request the customer's first initial and last name so that the employee can enter the information on the electronic screen or hard copy items such as return receipts, and PS Forms 3811 (Domestic Return Receipt) and 3829 (Registered Dispatch Follow-Up). For increased safety, employees will politely ask the customer to step back a safe distance or close the screen door/door so that items may be left in the mail receptacle or appropriate location by the customer door.

*See* https://faq.usps.com/s/article/USPS-Coronavirus-Updates-for-Residential-Customers#mailing_shipping (last accessed December 21, 2021). USPS also prepared a video outlining the process. *See* https://www.youtube.com/watch?v=2rn0LXFFMao&feature=youtu.be (last accessed December 21, 2021).

Federal Rule of Civil Procedure 4(e)(1), allows an individual to be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Tennessee Rule of Civil Procedure 4.04(10) expressly allows service by mail. Tenn. R. Civ. P. 4.04(10). However, for service to be effective, the return receipt

must be signed by the defendant, a person designated by Rule 4.04, or by statute. *Id.* There is no evidence that any one of these three scenarios occurred here. As this Court has previously explained,

> Rule 4.03(2) requires any party attempting service by mail to file with the clerk "'the original summons . . . ; an affidavit of the person making service setting forth the person's compliance with the requirements of [Rule 4.03(2)]; and, the return receipt . . . .'" *Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (quoting Tenn. R. Civ. P. 4.03(2)). "'*If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete.* If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.'" *Id.* (emphasis in original). In *Hall v. Haynes*, the Supreme Court of Tennessee explained that "Rule 4.03's explicit restriction of whom [sic] may sign the return receipt" generally requires "'that the return receipt be signed by the defendant and no one else.'" *Id.* (quoting Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 2–3(v) (2d ed. 2004)). As an example of that principle, the court discussed *Edwards v. Campbell*, in which the Tennessee Court of Appeals held that the plaintiffs failed to effect service of process by mail under Rule 4.03 even though the wife and mother of the respective defendants had signed the return receipts. *Id.* (citing No. E2000-01463-COA-R3-CV, 2001 WL 52776 (Tenn. Ct. App. Jan. 23, 2001)).

*Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *4 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019). In this case, the Defendant's registered agent did not sign the USPS Certified Mail return receipt, instead, it appears that the Postal employee followed the modified procedure established by the USPS. As a result, service of process as to Defendant via Certified Mail is ineffective under Tennessee law.

Finally, Plaintiff has not established service under New Jersey law. Although the New Jersey Rules of Court allow for service by Certified Mail, service is effective "for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto, and provided further that default shall not be entered against a defendant who fails to answer or appear in response thereto." N.J. Ct. R. R. 4:4-4. Because the Defendant has not yet

answered the Complaint or otherwise appeared, service upon Defendant via Certified Mail is ineffective under New Jersey law.

For the reasons stated herein, Plaintiff's Motion for Entry of Default (Doc. No. 13) is **DENIED** without prejudice.

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court